IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 05-140 |
| US AIRWAYS, INC., et al., | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Plaintiff commenced this action on February 7, 2005 by filing an Application to Proceed *in Forma Pauperis* and attaching thereto a copy of his Complaint. (Docket No. 1). I granted Plaintiff's Application to Proceed *in Forma Pauperis* on February 10, 2005, and Plaintiff's Complaint was deemed filed on that date. (Docket No. 2). Plaintiff never requested issuance of a summons and none was issued. On June 29, 2005, I granted Plaintiff's Motion to Amend his Complaint. (Docket No. 7). Plaintiff's First Amended Complaint named four new defendants. Again, there is no indication in the record that Plaintiff requested the issuance of a summons and none was issued. Plaintiff has not filed a waiver of service of summons or adequate proof of service with respect to either his original or first amended Complaint.

Over 120 days have passed since Plaintiff filed both his original and first amended Complaints. On October 25, 2005, my deputy clerk wrote to Plaintiff

requesting that he file, by November 14, 2005, either proof of service or a written explanation of why service has not been made. The letter notified Plaintiff that his failure to do so could result in dismissal of the action for failure to prosecute. Fed. R. Civ. P. 4(m).[1]

Rather than respond directly to the Court's October 25 notice, Plaintiff filed a Motion to amend his Complaint a second time to add a new Defendant, Sarah Bean, and new allegations of retaliatory conduct in which Plaintiff contends Ms. Bean recently engaged. (Docket No. 11). I will address Plaintiff's Motion to Amend and the outstanding service of process issues in turn.

### A. **MOTION TO AMEND COMPLAINT**

Plaintiff's Motion to Amend his Complaint a second time is granted. In filing his first amended complaint, Plaintiff exercised his right to amend his complaint once as provided in Federal Rule of Civil Procedure 15(a). Thus, Plaintiff may amend his complaint further only with leave of Court or upon consent of the opposing parties. See Fed. R. Civ. P. 15(a). Leave to amend under Rule 15(a) must be "freely given when justice so requires." Id. Considering Plaintiff's *pro se* status as well as the fact that neither of Plaintiff's prior two complaints have yet been served on any of the existing defendants (and, thus, the case is still in its initial stages), I will grant

---

[1] Rule 4(m) provides:
**Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion, or on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

2

Plaintiff's motion to amend. In addition, amendment is appropriate under Federal Rule of Civil Procedure 15(d), which permits a party, with leave of court, to supplement his complaint to set forth transactions, occurrences, or events which happened subsequent to the date of the initial pleading.

## B. SERVICE OF PROCESS ISSUES

Neither the fact that I am granting Plaintiff's Motion to Amend nor the filing of Plaintiff's Second Amended Complaint remedies the service issues that were the subject of the Court's October 25, 2005 notice to Plaintiff.[2] To the extent Plaintiff attempted to respond to the October 25 notice within his Motion to Amend, that response is inadequate and fails to demonstrate proper service.

With respect to Plaintiff's original Complaint, the record at most shows that Plaintiff mailed copies of the Complaint and a request for waiver of service of summons to three named defendants, to purported counsel for Defendant Airline Pilots Association, and to the U.S. Attorney's office in Pittsburgh, Pennsylvania and the Office of the Attorney General in Washington, D.C. (presumably with respect to Defendant US Airways Pilot's System Board of Adjustment which Plaintiff claims is a federal labor arbitration panel). Even if such mailings were proper, which largely they were not,[3] there is no indication that any of the defendants returned the

---

[2] The mere filing of an amended complaint does not cure service deficiencies or start the 120 day service clock anew with respect to defendants named and claims asserted in prior pleadings. Barrett v. City of Allentown, 152 F.R.D. 46, 49 (E.D. Pa. 1993); Finch v. George, 763 F. Supp. 967, 968 (N.D. Ill. 1991).

[3] For example, the waiver of service of summons rule does not apply to agencies, corporations, officers, or employees of the United States. Fed. R. Civ. P. 4(d), (i).

3

waiver of service of summons. When a party refuses to waive service of summons, the plaintiff is required to proceed with formal service of process as prescribed in Rule 4. This Plaintiff did not do.

Plaintiff likewise has failed to demonstrate that he properly served his first Amended Complaint on any of the defendants named therein. Plaintiff suggests in his Motion to Amend that he properly effected service by mailing copies of the Amended Complaint (without a summons or request for waiver of service) to counsel. No counsel, however, has yet entered an appearance in <u>this</u> case. Thus, Plaintiff was required to serve each defendant directly as set forth in Rule 4. <u>See</u> Fed. R. Civ. P. 5.

As stated previously, where, as here, a plaintiff fails to effect service within 120 days of filing the complaint, I may dismiss the case without prejudice or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). Although I may do so, I will not dismiss Plaintiff's action against the individuals named in the original and first amended complaints at this time. In so deciding, I recognize that Plaintiff is proceeding *pro se* and that he appears to have made some attempts, *albeit* improper ones, to effect service. Also significant is Plaintiff's *in forma pauperis* status. As set forth in Federal Rule of Civil Procedure 4(c)(2):

> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, or other person or officer specially appointed by the court for that purpose. <u>Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915</u>

4

. . . .

Fed. R. Civ. P. 4(c)(2) (emphasis added). 28 U.S.C. § 1915, relating to *in forma pauperis* proceedings, likewise provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

Courts within this Circuit have held that a "plaintiff proceeding *in forma pauperis* is entitled to rely on the United States Marshal Service to serve process" and that "[a]s long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshal Service's failure to effectuate proper service." Wilson v. Vaughn, No. Civ. A. 93-6020, 1996 WL 528870, at *1 (E.D. Pa. Mar. 14, 1996). Plaintiffs, however, "'may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.'" White v. SKF Aerospace, Inc., 768 F. Supp. 498, 501 (E.D. Pa. 1991) (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)); see also Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992).

Here, there is no indication in the record that Plaintiff ever requested service by the Marshal, and the record as it currently stands does not contain sufficient identifying information regarding the defendants for the Marshal to effect such service. There also, however, is no indication that Plaintiff was aware of his entitlement to this method of service. Consequently, I find that it would be unfair to Plaintiff to dismiss his action without affording him another opportunity to

effect proper service.

Accordingly, I will allow Plaintiff 120 days to serve his Second Amended Complaint on each Defendant named therein in the manner prescribed in Rule 4.[4] If Plaintiff chooses to have the U.S. Marshal effect service pursuant to Rule 4(c)(2), he must complete a summons and a Marshal's Form (Form 285) providing the names and addresses of each defendant and return the completed forms to the Clerk's Office within 30 days. A blank summons and Form 285 are attached hereto.

If Plaintiff completes and returns the appropriate paperwork, the Clerk of Court will be directed to issue summonses and instruct the U.S. Marshal to serve the Second Amended Complaint on each named defendant in accordance with Rule 4. If service of the Second Amended Complaint is not effected within 120 days of filing through any fault or inaction of Plaintiff, Plaintiff's action will be dismissed.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

[4] Because Plaintiff's Second Amended Complaint supersedes his original and first amended complaints, I will not require Plaintiff also to serve those prior two pleadings.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-140 |
| | ) |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **28th** day of November, 2005, after careful consideration of Plaintiff's submissions and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that Plaintiff's Motion to Amend Civil Complaint Pursuant to FRCP 15(a)(c)(d) (Docket No. 11) is GRANTED and that the proposed "Second Amended Complaint For Damages Bivens and for Declaratory Judgment" attached to Plaintiff's Motion to Amend is deemed filed with the Court on this date.

It is further ORDERED that Plaintiff shall have 120 days from the date of this Order to serve his Second Amended Complaint on each Defendant named therein in the manner prescribed in Federal Rule of Civil Procedure 4. If Plaintiff chooses to have the U.S. Marshal effect service of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 4(c)(2) and 28 U.S.C. § 1915(d), Plaintiff must complete a summons and a Marshal's Form (Form 285) providing the names and addresses of

each defendant and return the completed forms to the Clerk's Office within 30 days of the date of this Order.

If Plaintiff completes and returns the appropriate paperwork, the Clerk of Court is directed to issue summons and direct the U.S. Marshal to serve the Second Amended Complaint on the defendants named therein in accordance with Federal Rule of Civil Procedure 4, with all costs to be borne by the government, *in forma pauperis* having been previously granted. If service of the Second Amended Complaint is not effected within 120 days of the date of this Order through any fault or inaction of Plaintiff, Plaintiff's action will be dismissed.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose,
Chief U. S. District Judge