IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  05-140 |
| | ) |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

On or about November 28, 2005, pro se Plaintiff Philip A. Garland ("Plaintiff" or "Garland") filed, with leave of court, a 17-count second amended complaint in the above-captioned action against 24 defendants including Defendants Rick Davies and Harold Simpson ("Federal Defendants"). See Docket No. 13.   At the time of the incidents alleged in the second amended complaint, the Federal Defendants were employees of the Federal Aviation Administration ("FAA").  Plaintiff contends, among other things, that the Federal Defendants conspired with the other defendants and engaged in actions that deprived him of his Airline Transport Pilot ("ATP") Certification, without which Plaintiff could no longer fly commercial airplanes.  As a result, Plaintiff alleges that the Federal Defendants are liable for certain state tort causes of action, among others.  The tort causes of action at issue are set forth in

counts 7, 8, 9, 10, 15, and 17 of the second amended complaint.[1]

On June 29, 2006, the United States of America, through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Albert Schollaert, Assistant U.S. Attorney for the same district, filed a Motion for Substitution of Party pursuant to the Westfall Act as to the six tort causes of action enumerated above.  (Docket No. 65).  In the Motion, the United States seeks a court order substituting itself for the Federal Defendants with respect to those counts. For the reasons set forth below, the Motion to Substitute is granted.

The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act, amended the Federal Tort Claims Act ("FTCA"), and "provides federal employees acting within the scope of their employment absolute immunity from damage liability on state law tort claims."  Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000); see 28 U.S.C. § 2679(b)(1).  The exclusive remedy for state common law torts committed by federal employees acting within the scope of their employment is against the United States under the FTCA.  Schrob v. Catterson, 967 F.2d 929, 934 (3d Cir. 1992).  Under the Westfall Act, the Attorney General of the United States may certify that federal employees were acting within the scope of their employment and request that the United States be substituted as the only

---

[1]  The specific tort claims are as follows: Intentional Infliction of Emotional Distress (Count 7); Negligent Infliction of Emotional Distress (Count 8); Trade Libel/Slander (Count 9); Negligent Supervision (Count 10); Tortious Interference with Prospective Economic Advantage (Count 15); and Legal Malpractice (Count 17).

2

defendant.  28 U.S.C. § 2679(d)(1); Brumfield, 232 F.3d at 379.[2]  Such certification is prima facie evidence that the alleged injurious conduct occurred within the scope of the federal employee's duties.  Id.; Borawski v. Henderson, 265 F. Supp. 2d 475, 482 (D.N.J. 2003).  If the plaintiff disputes the scope certification, the burden shifts to him to come forward with specific facts rebutting it.  Schrob, 967 F.2d at 936.  If there is no "genuine issue of fact material to the scope of employment question," the district court can rule on a pretrial motion to substitute without an evidentiary hearing or discovery.  Id.  The scope of employment question is to be made "in accordance with the law of the place where the act or omission occurred."  Melo v. Hafer, 912 F.2d628, 642 (quoting 28 U.S.C. § 1346(b)).

Here, the United States has attached to its Motion to Substitute a "Certification of Scope of Employment" under 28 U.S.C. § 2679, stating that the U.S. Attorney has read the second amended complaint and that the Federal Defendants were acting within the scope of their employment at the time of the actions alleged therein.  Docket No. 66, Ex. A.  Thus, the government has established a prima facie case in support of substitution.  Plaintiff has filed a response opposing the United States' motion and challenging this certification.  (Docket No. 88).

After careful review of the United States' motion, Plaintiff's response thereto, the U.S. Attorney's certification, the second amended complaint, and any other evidence and affidavits before me, I find that there are no genuine issues of fact

---

[2]  The Attorney General has delegated this certification authority to the United States Attorneys in consultation with the Department of Justice.  Melo v. Hafer, 912 F.2d 628, 639 n.14 (3d Cir. 1990).

material to the scope of employment question.  Indeed, Plaintiff has failed to come forward with any evidence or facts sufficient to rebut the U.S. Attorney's scope certification.   Plaintiff's response in opposition consists solely of conclusory statements and citations to distinguishable and/or inapplicable case law with respect to this issue.[3]  Even looking at the allegations set forth in the second amended complaint and attached affidavit, and taking them as true, Plaintiff has not set forth any facts therein that would support a finding that the Federal Defendants acted outside the scope of their FAA employment.  To the contrary, Plaintiff's allegations demonstrate that the Federal Defendants were acting within the scope of that employment.  See, e.g., 2d Am. Compl. ¶¶ 29-30, 42 (iii), 42 (dddd) - (kkkk); Pl.'s Aff. ¶¶ 83-90.  Even if the Federal Defendants lied with respect to Plaintiff's performance on his check rides or otherwise engaged in unauthorized acts incidental to FAA business, such actions would not fall outside the scope of their employment under Pennsylvania law.  See Brumfield, 232 F.3d at 380-82.[4]

For all of these reasons, I find that the Federal Defendants were acting within

---

[3]  One of Plaintiff's main concerns in his opposition appears to be that granting the motion to substitute will interfere with his Bivens claim against the Federal Defendants.  This concern is misplaced.  As set forth above, the motion to substitute applies only to the six tort causes of action set forth in Counts 7, 8, 9, 10, 15, and 17 of the second amended complaint.  The United States does not seek to substitute itself as a defendant with respect to the Bivens claim set forth in Count 4 (or any other non-tort claim), nor would such a substitution be permissible.  See Schrob, 967 F.2d at 939.  The Bivens claim is the subject of a separate motion to dismiss and is not addressed here.

[4]  Pennsylvania applies the Restatement (Second) of Agency's definition of conduct within the scope of employment.  Brumfield, 232 F.3d at 381.  According to the Restatement, "conduct is within the scope of employment if, but only if: (a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits [and] (c) it is actuated, at least in part, by a purpose to serve the master. . . ."  Id. (quoting Restatement (Second) Agency § 228).

4

the scope of their FAA employment at all times relevant to the tort claims set forth in the second amended complaint.   Accordingly, the United States' Motion to Substitute is granted.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP A. GARLAND,                          )
                                            )
               Plaintiff,                   )
       -vs-                                  )
                                              Civil Action No.  05-140
US AIRWAYS, INC., et al.,                   )
                                            )
               Defendants.                  )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **24th** day of August, 2006, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that the United States' Motion for Substitution of Party  as to Counts 7, 8, 9, 10, 15 and 17 of Plaintiff's Second Amended Complaint (Docket No. 65) is GRANTED.  Defendants Rick Davies and Harold Simpson are dismissed from this action with respect to Counts 7, 8, 9, 10, 15, and 17 of Plaintiff's Second Amended Complaint, and the United States of America is substituted as defendant in their place with respect to each of those six counts.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge