IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  05-140 |
| | ) |
| US AIRWAYS, INC., a corporation, et al, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

On or about November 28, 2005, pro se Plaintiff Philip A. Garland ("Plaintiff" or "Garland") filed, with leave of court, a 17-count Second Amended Complaint in the above-captioned action against 24 defendants including Defendant Edward B. Krinsky ("Krinsky"). See Docket No. 13. Pending is Krinsky's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 29). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss is granted.

1

I. **BACKGROUND**

A. **Factual Background**

Unless otherwise noted, the facts in this section are taken from Plaintiff's Second Amended Complaint.

Plaintiff was an employee of Defendant US Airways until the termination of that employment on or about April 27, 2001. At all pertinent times, Plaintiff was a dues-paying member of Defendant Airline Pilots Association International ("ALPA"), the collective bargaining representative for airline pilots, including Plaintiff. ALPA filed a grievance on behalf of Plaintiff under the collective bargaining agreement ("CBA"), challenging the termination of Plaintiff's employment. Defendant Krinsky "is or was the ostensible neutral Arbitrator assigned to hear and decide the grievance filed by [ALPA], as and for, Plaintiff Garland to exhaust his administrative remedies pursuant to the [CBA]." 2d Am. Compl. ¶ 28.

In July 2002, Defendant US Airways Pilot's System Board of Adjustment ("System Board"), a five-member federal labor arbitration board of which Krinsky was a part, held an evidentiary hearing on Plaintiff's grievance. On February 7, 2003, the System Board issued a final opinion and award finding that US Airways was justified, pursuant to the CBA, in its decision to terminate Plaintiff's employment.

In the Second Amended Complaint, Plaintiff alleges that the grievance process was "tainted and spoiled," that the evidentiary hearing was "suspect and substandard," and that there is evidence of "conspiracy, corruption and collusion" among Defendant Krinsky, US Airways and others with respect to the grievance and

2

the arbitration proceeding.[1]  Plaintiff contends that an "impermissible money motive" on the part of Defendant Krinsky was the root of the "fraud, corruption, and collusions" about which he complains.  2d Am. Compl. at p.16 & ¶ 64.  As "proof of the suspect intentional acts" committed against him, Plaintiff points to two September 2002 letters from Krinsky to counsel of record for Defendants US Airways and/or ALPA, in which Krinsky sought assurances that he would be paid his fee for serving as an arbitrator in Plaintiff's case.  Id. ¶ 63.  In the Affidavit attached to his Second Amended Complaint, Plaintiff alleges that Krinsky, in these letters, was demanding payment for services after US Airways had filed for bankruptcy and that the arbitration award was improperly influenced by such "stress payment" outside the Bankruptcy Court.  Pl.'s Aff. ¶ 112.  Plaintiff further avers that the award was "on sale" and that the letters "are full of suspect baiting, prompting and other such precatory language giving cause to suspect the arbitrator's intention to be paid in cash by and for 'tribute.'" Id.

B. **Procedural History**

Plaintiff commenced this action on February 7, 2005 by filing an Application to Proceed *in Forma Pauperis* and attaching thereto a copy of his Complaint. (Docket No. 1).  I granted Plaintiff's Application to Proceed *in Forma Pauperis* on February 10, 2005, and Plaintiff's Complaint was deemed filed on that date.  (Docket

---

[1] Among other things, Plaintiff contends that the sole issue before the System Board was one of contract interpretation and that the Board exceeded its jurisdiction by also addressing Plaintiff's discrimination and retaliation allegations in the arbitration proceedings and award.  He also contends that the time for the arbitration hearing was reduced from four to one-and-a-half days of testimony without Plaintiff's consent, deliberately and purposefully preventing him from calling witnesses on his behalf.

No. 2). Plaintiff never requested issuance of a summons and none was issued. On June 29, 2005, I granted Plaintiff's Motion to Amend his Complaint. (Docket No. 7). Plaintiff's First Amended Complaint named four new defendants. Again, there was no indication in the record that Plaintiff requested the issuance of a summons and none was issued. Plaintiff did not file a waiver of service of summons or adequate proof of service with respect to either his original or first amended Complaint.

After over 120 days passed from when Plaintiff filed both his original and first amended Complaints, my deputy clerk wrote to Plaintiff requesting that he file, by November 14, 2005, either proof of service or a written explanation of why service had not been made. In response, Plaintiff filed a Motion to amend his Complaint a second time to add a new Defendant and new allegations of retaliatory conduct. (Docket No. 11).

I granted Plaintiff's Motion to Amend on or about November 28, 2005, and his 17-count Second Amended Complaint was deemed filed as of that date. (Docket No. 13). Defendant Krinsky filed the instant Motion to Dismiss and supporting Brief on May 19, 2006. (Docket Nos. 29, 30).[2] Plaintiff opposes Krinsky's Motion. (Docket No. 45). The Motion is now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

In deciding a Motion to Dismiss, all factual allegations, and all reasonable

---

[2] In his Motion, Krinsky alleges that he was served with Plaintiff's Amended Complaint on May 1, 2006. Docket No. 29 ¶ 2.

inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666. "The issue is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997).

When ruling upon a 12(b)(6) motion, district courts generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, documents relied upon in the complaint, and items appearing in the record of the case. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993).

As a pro se litigant, Plaintiff is entitled to a "less stringent" interpretation of his pleadings than those applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 818

5

(E.D. Pa. 2001). This leniency, however, "does not excuse a pro se plaintiff . . . from pleading the essential elements of his claim." Morris v. First Union Nat'l Bank, No. Civ. A. 01-1953, 2002 WL 47961, at *2 (E.D. Pa. Jan. 14, 2002).

## B. **Motion to Dismiss**

Krinsky argues that he is entitled to dismissal of the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) because, as an arbitrator in Plaintiff's labor grievance hearing, Krinsky is entitled to absolute arbitral immunity. Krinsky Br. at 6. I agree.

It is well-established that a "judge cannot be sued civilly for any act which he does in the performance of his duties, even if the act was deliberate and malicious." Cahn v. Int'l Ladies' Garment Union, 203 F. Supp. 191, 193 (E.D. Pa.), aff'd, 311 F.2d 113 (3d Cir. 1962). The Court of Appeals for the Third Circuit has extended this absolute immunity to "quasijudicial" officials, including arbitrators. Cahn v. Int'l Ladies' Garment Union, 311 F.2d 113, 114-15 (3d Cir. 1962). Judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Raitport v. Provident Nat'l Bank, 451 F. Supp. 522, 526 (E.D. Pa. 1978) (citations and internal quotations omitted). Like other judicial officers, "'arbitrators must be free from the fear of reprisals by an unsuccessful litigant. They must of necessity be uninfluenced by any fear of consequences for their acts.'" Hill v. Aro Corp., 263 F. Supp. 324, 326 (N.D. Ohio 1967) (quoting Babylon Milk & Cream Co. v. Horvitz, 151 N.Y.S.2d 221, 224

6

(N.Y. Sup. Ct. 1956), aff'd, 165 N.Y.S.2d 717 (N.Y. App. Div. 1957)).

Plaintiff is correct that judicial immunity is overcome in only two sets of circumstances. Pl.'s Opp. at 11. First, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Even if these exceptions extend to arbitral immunity, however, neither of them applies here.

First, the factual allegations of Plaintiff's second amended complaint, taken as true, plainly relate to actions taken in Krinsky's role as an arbitrator and member of the System Board. Even if, as Plaintiff alleges, there was corruption and collusion in the arbitration proceedings and/or that Krinsky had an impermissible money motive or otherwise conspired with counsel of record for Defendants US Airways and ALPA to find in favor of US Airways, such actions do not fall outside Krinsky's arbitral capacity. See, e.g., Hill, 263 F. Supp. at 325-26; Cahn, 203 F. Supp. at 194; Hawkins v. NASD, 149 F.3d 330 (5th Cir. 1998) (per curiam) (arbitral immunity where plaintiff alleged NASD was biased against him, failed to properly administer the arbitration proceeding, and conspired with his former employer to harm him and deprive him of a fair arbitration); Stasz v. Schwab, 17 Cal. Rptr. 3d 116, 126 (Cal. Ct. App. 2004) (citing numerous federal cases and noting that "[e]ven corrupt or biased acts are subject to immunity"). The appropriate remedy for arbitrator bias or misconduct is an action challenging the arbitration award itself, not a lawsuit against the arbitrator. Stasz, 17 Cal. Rptr. 3d at 438-39 (citing federal caselaw).

Second, there is no indication that Krinsky acted in the clear absence of all jurisdiction. Plaintiff argues that Krinsky exceeded his jurisdiction by attempting to rule upon his "civil rights claim" in the arbitration proceeding as opposed to simply interpreting the CBA and determining whether US Airways was justified in terminating Plaintiff's employment thereunder. Pl.'s Opp. Br. at 10. This argument is without merit. Even if Krinsky both ruled on the civil rights claims and exceeded his authority by so doing, this is by no means clear. Moreover, Plaintiff acknowledges that Krinsky had the authority to decide the "just cause" issue under the CBA. Thus, Krinsky did not act in the clear or complete absence of all jurisdiction. Furthermore, there is caselaw indicating that, where an arbitrator is concerned, immunity attaches even where a litigant calls the arbitrator's jurisdiction into question. See Tamari v. Conrad, 552 F.2d 778, 780 (7th Cir. 1977) ("[A]rbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged."); Raitport, 451 F. Supp. at 527 (citing Tamari); Int'l Med. Group, Inc. v. Am. Arbitration Ass'n, Inc., 312 F.3d 833, 843 (7th Cir. 2002) (same); Stasz, 17 Cal. Rptr. 3d at 133-34 (citing cases). As one federal court of appeals explained, "arbitrators will be dissuaded from serving if they can be caught up in the dispute and be saddled with the burdens of defending a lawsuit." Int'l Med. Group, Inc., 312 F.3d at 843.[3]

---

[3] The fact that Plaintiff asserts a Bivens claim against Krinsky does not change this result. Absolute arbitral immunity applies even with respect to Bivens actions. See, e.g., Conner v. Greef, No. 03-2010-M1/V, 2003 WL 23846645, at *2, *4 & n.7 (W.D. Tenn. Feb. 26, 2003), aff'd, 99 F. App'x 577 (6th Cir. 2004).

### III. **CONCLUSION**

For all of these reasons, Krinsky is entitled to absolute arbitral immunity and Plaintiff's claims against him should be dismissed. Plaintiff's proper course of attack is on the message (i.e., the award), not the messenger (i.e., the arbitrator).[4]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[4] To the extent Plaintiff challenges the award itself elsewhere in the second amended complaint, such claims are outside the scope of Krinsky's motion, and I do not address them here.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-140 |
| | ) |
| US AIRWAYS, INC., a corporation, et al, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of September, 2006, after careful consideration of the parties' submissions and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that Defendant Edward B. Krinsky's Motion to Dismiss (Docket No. 29) is GRANTED and that all claims against Defendant Krinsky set forth in Plaintiff's Second Amended Complaint are dismissed, with prejudice.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge