IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-140 |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **OPINION**

and

## **ORDER OF COURT**

On or about November 28, 2005, pro se Plaintiff Philip A. Garland ("Plaintiff" or "Garland") filed, with leave of court, a 17-count second amended complaint in the above-captioned action against 24 defendants including Defendants Tom Jerman, Evelyn Becker, and Aparna Joshi, all attorneys with the law firm of O'Melveny & Myers, LLP (collectively, "O'Melveny Defendants"). See Docket No. 13. Pending is the O'Melveny Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 69). After a careful review of the submissions by the parties, and for the reasons discussed in this Opinion, the Motion to Dismiss is granted.

1

## I. BACKGROUND

### A. Factual Background

Unless otherwise noted, the facts in this section are taken from Plaintiff's Second Amended Complaint.

Plaintiff was an employee of Defendant US Airways from 1982 until the termination of that employment on or about April 27, 2001. At all pertinent times, Plaintiff was a dues-paying member of the Air Line Pilots Association ("ALPA"), the collective bargaining representative for airline pilots, including Plaintiff. ALPA filed a grievance on behalf of Plaintiff under the collective bargaining agreement ("CBA"), challenging the termination of Plaintiff's employment. Defendant US Airways Pilot's System Board of Adjustment ("System Board"), a five-member federal labor arbitration board, held an evidentiary hearing on Plaintiff's grievance on or about July 17, 2002. On February 7, 2003, the System Board issued a final opinion and award finding that US Airways was justified, pursuant to the CBA, in its decision to terminate Plaintiff's employment.

The O'Melveny Defendants are attorneys retained by Defendant US Airways to represent US Airways' interests in the proceeding before the System Board as well as in other proceedings involving Plaintiff in various federal courts. See 2d Am. Compl. ¶¶ 24-26. Plaintiff alleges that, at the arbitration hearing on July 17, 2002, the O'Melveny Defendants "committed fraud, corruption and collusion" to violate his "right to full performance that is legally and ethically sound." Id. ¶ 196. He further contends that the O'Melveny Defendants violated federal and state bar rules,

2

thereby breaching a duty of "legal professional care" to Plaintiff.  Id.

## B. Procedural History

Plaintiff commenced this action on February 7, 2005 by filing an Application to Proceed *in Forma Pauperis* and attaching thereto a copy of his Complaint. (Docket No. 1).  I granted Plaintiff's Application to Proceed *in Forma Pauperis* on February 10, 2005, and Plaintiff's Complaint was deemed filed on that date.  (Docket No. 2).  Plaintiff never requested issuance of a summons and none was issued.  On June 29, 2005, I granted Plaintiff's Motion to Amend his Complaint.  (Docket No. 7). Plaintiff's First Amended Complaint named four new defendants.  Again, there was no indication in the record that Plaintiff requested the issuance of a summons and none was issued.  Plaintiff did not file a waiver of service of summons or adequate proof of service with respect to either his original or first amended Complaint.

After over 120 days passed from when Plaintiff filed both his original and first amended Complaints, my deputy clerk wrote to Plaintiff requesting that he file, by November 14, 2005, either proof of service or a written explanation of why service had not been made.  In response, Plaintiff filed a Motion to amend his Complaint a second time to add a new defendant and new allegations of retaliatory conduct. (Docket No. 11).

I granted Plaintiff's Motion to Amend on or about November 28, 2005, and his 17-count  Second Amended Complaint was  deemed filed as of that date.  (Docket No. 13).   The O'Melveny Defendants filed the instant Motion to Dismiss and

3

supporting Brief on May 26, 2006. (Docket Nos. 69, 70).[1] Plaintiff opposes the O'Melveny Defendants' Motion. (Docket No. 93) The Motion is now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666. "The issue is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997).

When ruling upon a 12(b)(6) motion, district courts generally may consider only the allegations contained in the complaint, exhibits attached to the complaint,

---

[1] The docket indicates that the O'Melveny Defendants were served with Plaintiff's Second Amended Complaint on April 26, 2006. See Docket Nos. 34, 98, 99. The O'Melveny Defendants do not challenge service of process in their Motion to Dismiss.

4

matters of public record, documents relied upon in the complaint, and items appearing in the record of the case.  See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993).

As a pro se litigant, Plaintiff is entitled to a "less stringent" interpretation of his pleadings than those applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001).  This leniency, however, "does not excuse a pro se plaintiff . . . from pleading the essential elements of his claim." Morris v. First Union Nat'l Bank, No. Civ. A. 01-1953, 2002 WL 47961, at *2 (E.D. Pa. Jan. 14, 2002).

**B. Motion to Dismiss**

   **1. Legal Malpractice**

In Count Seventeen of the Second Amended Complaint, Plaintiff asserts a claim of legal malpractice against the attorney defendants, including the O'Melveny Defendants.  I agree with the O'Melveny Defendants that Plaintiff's legal malpractice claim against them must be dismissed.

In order to prevail on a claim for legal malpractice, a plaintiff must establish: (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill or knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985); Kituskie v. Corbman, 714 A.2d 1027, 1029-30 (Pa. 1998).

Here, the allegations in Plaintiff's Second Amended Complaint demonstrate that he cannot satisfy the first prong of this test, "employment of the attorneys or another basis for a duty." Most significantly, the Second Amended Complaint does not aver that an attorney-client relationship ever existed between Plaintiff and the O'Melveny Defendants. See, e.g., Smith v. Griffiths, 476 A.2d 22, 26 (Pa. Super. Ct. 1984) (privity required to proceed against an attorney for professional negligence). To the contrary, Plaintiff alleges that the O'Melveny Defendants were retained to represent US Airways – Plaintiff's legal adversary – in the proceedings against US Airways, including the arbitration of Plaintiff's grievance and various federal court proceedings. See 2d Am. Compl. ¶¶ 24-26.

For this same reason, Plaintiff cannot establish liability against the O'Melveny Defendants under a third-party beneficiary theory. Although Pennsylvania courts have recognized that, under certain circumstances, one who is not in privity with an attorney may seek to recover against the attorney on a third-party beneficiary theory, Plaintiff cannot proceed against the O'Melveny Defendants on this premise based on the allegations in his Second Amended Complaint. See Guy v. Leiderbach, 459 A.2d 744, 750-52 (Pa. 1983) (citing Restatement (Second) Contracts § 302 and setting forth test for determining whether one is an intended third-party beneficiary). As set forth above, Plaintiff specifically pleads that his legal adversary, US Airways, retained the O'Melveny Defendants to represent it in proceedings adverse to Plaintiff. Given these facts, Plaintiff simply cannot establish that he was an intended third-party beneficiary of the US Airways-O'Melveny relationship.

6

To the extent Plaintiff contends that the O'Melveny Defendants nevertheless owed him a duty of care as an adverse party in litigation, such argument is without merit. As the O'Melveny Defendants correctly note, the law is clear that an attorney representing a client in litigation "owes no duty of care to the adverse party, but only to his own client." O'Melveny Defs.' Br. at 10 (quoting Smith, 476 A.2d at 26). As the Pennsylvania Superior Court explained:

> To impose upon an attorney a duty of care to the adverse party would place the attorney in a position where his own interest would conflict with the interests of his client and prevent him from exerting a maximum effort on behalf of the client. It would place an undue burden on the profession and would diminish the quality of the legal services rendered to and received by the client.

Smith, 476 A.2d at 26.

Plaintiff likewise fails to state a cause of action against the O'Melveny Defendants based on a violation of the Pennsylvania Rules of Professional Conduct. It is well-established that the Rules of Professional Conduct do not provide an independent basis for civil liability. See, e.g., In re Estate of Pedrick, 482 A.2d 215, 217 (Pa. 1984); Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1284 (Pa. 1992). As the Preamble to the Rules of Professional Conduct states:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. . . . The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The

> fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra disciplinary consequences of violating such a duty.

Pa. Rules of Prof'l Conduct Preamble ¶ 19.  Thus, even if the O'Melveny Defendants had violated a Rule of Professional Conduct, such violation alone would not support a civil cause of action.

In his Brief in Opposition, Plaintiff attempts to avoid the "duty" requirement and salvage his case against the O'Melveny Defendants by invoking the theory of "intentional tort." Pl.'s Opp. Br. at 3-4.  Specifically, Plaintiff cites section 870 of the Restatement (Second) of Torts, which provides:

> One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability.

Restatement (Second) Torts § 870.  The Pennsylvania Supreme Court, however, has not recognized an independent claim for intentional or "prima facie" tort as set forth in § 870. See Charles Shaid of Pa., Inc. v. George Hyman Constr. Co., 947 F. Supp. 844, 855 (E.D. Pa. 1996); D'Errico v. DeFazio, 763 A.2d 424, 433 (Pa. Super. Ct. 2000) ("We agree . . . that Pennsylvania has not yet adopted intentional or prima facie tort as set forth in § 870 of the Restatement.").  Moreover, I agree with the court in Shaid,

supra, and numerous other courts that the Pennsylvania Supreme Court would not recognize a cause of action for intentional or "prima facie" tort if faced with the issue. Hughes v. Halbach & Braun Indus., Ltd., 10 F. Supp. 2d 491, 499-500 (W.D. Pa. 1998) (Ambrose, J.); Shaid, 947 F. Supp. at 856; see also Utz v. Johnson, No. Civ. A. 04-CV-0437, 2004 WL 1368824, at **1-3 (E.D. Pa. June 16, 2004); Internet Billions Domains, Inc. v. Venetian Casino Resort, LLC, No. 01CV5417, 2002 WL 1610032, at *2 (E.D. Pa. May 31, 2002). Because "intentional tort" is not a cognizable legal theory in Pennsylvania, Plaintiff's intentional tort argument does not save his claim against the O'Melveny Defendants.[2]

In his opposition brief, Plaintiff also appears to suggest that his claim against the O'Melveny Defendants should proceed on a "malicious prosecution" theory. Pl.'s Opp. Br. at 4-6. In particular, Plaintiff relies on the case of Staley v. Turner, 21 Mo. App. 244 (Mo. Ct. App. 1886), in which the court upheld a malicious prosecution verdict against an attorney who had knowingly agreed with his client to institute a groundless criminal proceeding against an innocent person to effectuate some private purpose of his client. Not only is Staley a century-old case from another jurisdiction, but it also fails to support a claim against the O'Melveny Defendants here. In order to sustain a cause of action for malicious prosecution (or, in the civil context, wrongful use of civil proceedings), a plaintiff must show, inter alia, that the defendant "instituted proceedings against the plaintiff." Corrigan v. Central Tax

---

[2] Even if the Pennsylvania Supreme Court recognized a cause of action for intentional or prima facie tort, Plaintiff's Second Amended Complaint fails to state such a claim. Indeed, Plaintiff does not refer to this theory or its elements anywhere in the Second Amended Complaint, let alone articulate why or how the O'Melveny Defendants satisfied those elements.

9

Bureau of Pa., Inc., 828 A.2d 502, 505 (Pa. Commw. Ct. 2003) (malicious prosecution); Hart v. O'Malley, 781 A.2d 1211, 1219 (Pa. Super. Ct. 2001) (wrongful use of civil proceedings). Here, there are no allegations that the O'Melveny Defendants instituted any proceedings against Plaintiff. To the contrary, the facts in the Second Amended Complaint, taken as true, indicate that the O'Melveny Defendants defended US Airways in proceedings brought against it by Plaintiff and/or ALPA. Accordingly, Plaintiff has not, and cannot, state a claim against the O'Melveny Defendants on a malicious prosecution theory.

For all of these reasons, Plaintiff has failed to state a legal malpractice claim against the O'Melveny Defendants. Accordingly, the O'Melveny Defendants' motion to dismiss the legal malpractice claim (Count 17) against them is granted.

## 2. Remaining Counts

Although, with one exception, the remaining counts in Plaintiff's Second Amended Complaint purport to be against "each and every defendant,"[3] I find that none of these counts states a claim against the O'Melveny Defendants. Except for Count 13 ("Federal Civil RICO"), none of the remaining counts mention any of the O'Melveny Defendants, let alone state how or why Plaintiff is entitled to relief against them. See Fed. R. Civ. P. 8(a) (setting forth notice pleading requirements). Rather, the bulk of Plaintiff's allegations focus on the conduct of Defendant US Airways and, to a lesser extent, Defendant ALPA, in connection with the alleged

---

[3] Count 4 of the Second Amended Complaint, entitled "Bivens Action," is asserted against Rick Davies, Harold Simpson, and Edward Krinsky only.

10

discriminatory termination of his US Airways' employment and subsequent grievance and arbitration proceedings related thereto.[4] Although the RICO claim (Count 13) identifies the O'Melveny Defendants by name in its opening paragraphs, see 2d Am. Compl. ¶¶ 160-161, it too fails to allege any actions on the part of the O'Melveny Defendants that would support a RICO claim against them. Simply including the O'Melveny Defendants in the captions of each count or making generic and conclusory statements that these defendants acted unlawfully is insufficient to state a claim against them. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 & n.8 (3d Cir. 1997) (a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss).

Because Plaintiff has failed to state a claim against the O'Melveny Defendants upon which relief can be granted in Counts 1-3 and 5-16 of the Second Amended Complaint, those counts must be dismissed against the O'Melveny Defendants.

### III. CONCLUSION

In short, even taking into account Plaintiff's pro se status and construing his pleadings liberally, he has not alleged any set of facts against the O'Melveny Defendants upon which relief could be granted. For this and all of the reasons set forth above, the O'Melveny Defendants 12(b)(6) Motion to Dismiss is granted.

---

[4] Counts 1-3 and 5-16 of the Second Amended Complaint include claims for: race discrimination and retaliation under Title VII; deprivation of constitutional rights under 42 U.S.C. § 1981; wrongful termination; age discrimination; conspiracy to deprive civil and equal rights under 42 U.S.C. § 1985(3); intentional infliction of emotional distress; negligent infliction of emotional distress; libel/slander; negligent supervision; violation of the Railway Labor Act; violation of ERISA; violation of RICO; unjust enrichment; tortious interference with prospective economic advantage; and breach of contract.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No.  05-140 |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **11th** day of October, 2006, after careful consideration of the parties' submissions and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that the Motion to Dismiss Tom Jerman, Evelyn Becker, and Aparna Joshi (Docket No. 69) is GRANTED and that all claims against Defendants Tom Jerman, Evelyn Becker, and Aparna Joshi set forth in Plaintiff's Second Amended Complaint are Dismissed with prejudice.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge