IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-140 |
| | ) |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

_____

### OPINION and ORDER OF COURT

On or about November 28, 2005, pro se Plaintiff Philip A. Garland ("Plaintiff" or "Garland") filed, with leave of court, a 17-count Second Amended Complaint in the above-captioned action against 24 defendants including Defendants Rick Davies and Harold Simpson (collectively, "Federal Defendants"), arising out of the termination of Plaintiff's employment as a pilot for US Airways. See Docket No. 13. On August 24, 2006, I granted the United States of America's Motion to substitute itself for the Federal Defendants with respect to the tort counts against the Federal Defendants set forth in Counts 7, 8, 9, 10, 15, and 17 of Plaintiff's Second Amended Complaint. See Docket No. 94.[1] Pending is the United States' Motion to Dismiss those six counts pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 63). After a careful

---

[1] Simpson and Davies remain defendants with respect to all other counts against them in the Second Amended Complaint. A separate Motion to Dismiss those counts is pending. See Docket No. 67.

review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss is granted.

## I. BACKGROUND

### A. Factual Background

Unless otherwise noted, the facts in this section are taken from Plaintiff's Second Amended Complaint.

Plaintiff was employed by Defendant US Airways as a pilot from 1982[2] until the termination of that employment on or about April 27, 2001.[3]  At all pertinent times, Plaintiff was a dues-paying member of ALPA, the collective bargaining representative for airline pilots, including Plaintiff.  ALPA filed a grievance on behalf of Plaintiff under the collective bargaining agreement ("CBA"), challenging the termination of Plaintiff's employment.  Defendant US Airways Pilot's System Board of Adjustment ("System Board"), a five-member federal labor arbitration board, held an evidentiary hearing on Plaintiff's grievance on or about July 17, 2002.  On February 7, 2003, the System Board issued a final opinion and award finding that US Airways was justified, pursuant to the CBA, in its decision to terminate Plaintiff's employment.

At the time of the incidents alleged in the Second Amended Complaint, the

---

[2] US Airways originally hired Plaintiff in 1984.  In 1986, Plaintiff sued US Airways alleging racial discrimination in US Airways' hiring and recruitment practices.  See Garland v. US Air, Inc., 767 F. Supp. 715 (W.D. Pa. 1991).  Following trial, in which Plaintiff prevailed, the Court ordered US Airways to, inter alia, assign Plaintiff retroactive seniority to November, 1982.  See id.; Garland v. USAir, Inc., Civ. A. Nos. 86-890, 86-1943, 1991 WL 424045 (W.D. Pa. June 11, 1991).

[3] US Airways' stated reason for terminating Plaintiff's employment is that he no longer had a valid pilot's license, which is required to operate US Airways' aircraft.  Plaintiff disputes this reason.

Federal Defendants were employees of the Federal Aviation Administration ("FAA"). Plaintiff contends, among other things, that the Federal Defendants conspired with the other defendants and engaged in actions that deprived him of his Airline Transport Pilot ("ATP") Certification, without which Plaintiff could no longer fly commercial airplanes. As a result, Plaintiff alleges that the Federal Defendants are liable for certain state tort causes of action, among others. The tort causes of action at issue are set forth in Counts 7, 8, 9, 10, 15, and 17 of the Second Amended Complaint.[4]

**B. Procedural History**

Plaintiff commenced this action on February 7, 2005 by filing an Application to Proceed *in Forma Pauperis* and attaching thereto a copy of his Complaint. (Docket No. 1). I granted Plaintiff's Application to Proceed *in Forma Pauperis* on February 10, 2005, and Plaintiff's Complaint was deemed filed on that date. (Docket No. 2). Plaintiff never requested issuance of a summons and none was issued. On June 29, 2005, I granted Plaintiff's Motion to Amend his Complaint. (Docket No. 7). Plaintiff's First Amended Complaint named four new defendants. Again, there was no indication in the record that Plaintiff requested the issuance of a summons and none was issued. Plaintiff did not file a waiver of service of summons or adequate proof of service with respect to either his original or first amended Complaint.

After over 120 days passed from when Plaintiff filed both his original and first

---

[4] The specific tort claims are as follows: Intentional Infliction of Emotional Distress (Count 7); Negligent Infliction of Emotional Distress (Count 8); Trade Libel/Slander (Count 9); Negligent Supervision (Count 10); Tortious Interference with Prospective Economic Advantage (Count 15); and Legal Malpractice (Count 17).

Amended Complaints, my deputy clerk wrote to Plaintiff requesting that he file, by November 14, 2005, either proof of service or a written explanation of why service had not been made. In response, Plaintiff filed a Motion to Amend his Complaint a second time to add a new Defendant and new allegations of retaliatory conduct. (Docket No. 11).

I granted Plaintiff's Motion to Amend on or about November 28, 2005, and his 127-page, 17-count Second Amended Complaint was deemed filed as of that date. (Docket No. 13). The United States filed the instant Motion to Dismiss and supporting brief on June 29, 2006. (Docket Nos. 63, 64).[5] Plaintiff opposes the United States' Motion. (Docket No. 87). The Motion is now ripe for my review

## .II.  LEGAL ANALYSIS

### A. Standard of Review

The United States challenges the jurisdiction of the court to address the merits of Counts 7, 8, 9, 10, 15, and 17 of Plaintiff's Second Amended Complaint against it. A motion to dismiss pursuant to Rule 12(b)(1) may present either a facial or a factual challenge to subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). In contrast to a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality, a Rule 12(b)(1) motion based on the existence of jurisdiction in fact does not incorporate the presumption of truthfulness of the plaintiff's allegations. See id. Furthermore, the plaintiff bears

---

[5] The United States filed its Motion to Dismiss simultaneously with its Motion to Substitute. (Docket No. 65). I granted the Motion to Substitute on August 24, 2006, on the grounds that the Federal Defendants were acting within the scope of their federal employment as FAA inspectors at the time of the incidents alleged in the Second Amended Complaint, and, therefore, were entitled to absolute immunity from damage liability on Plaintiff's state law tort claims under the Federal Tort Claims Act, as amended by the Westfall Act. See Docket No. 94; see also 28 U.S.C. § 2679.

the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). In further distinction to a Rule 12(b)(6) motion, when considering a Rule 12(b)(1) motion, the court may "go outside the bounds of the complaint" and make factual findings which are decisive to the issue, relying on evidence such as affidavits, depositions and other testimony. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing Employers Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45 (3d Cir. 1990)); Kennedy v. Runyon, 933 F. Supp. 480, 482 (W.D. Pa. 1996). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action.

In considering this Motion, I am cognizant of the fact that, as a pro se litigant, Plaintiff is entitled to a "less stringent" interpretation of his pleadings than those applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001).

**B. Lack of Jurisdiction**

The Westfall Act, also known as the Federal Employees Liability Reform and Tort Compensation Act, amended the Federal Tort Claims Act ("FTCA"), and "provides federal employees acting within the scope of their employment absolute immunity from damage liability on state law tort claims." Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000); see 28 U.S.C. § 2679(b)(1). The exclusive remedy for state common law torts committed by federal employees acting within the scope of their employment is against the United States under the FTCA. Schrob v. Catterson, 967

F.2d 929, 934 (3d Cir. 1992).

The United States argues that this Court lacks jurisdiction over Plaintiff's tort claims against it because Plaintiff failed to present a proper administrative claim as required under the FTCA. See 28 U.S.C. §§ 2401, 2675(a). I agree.

The FTCA specifically requires that a claimant "present" an administrative claim to the appropriate federal agency prior to commencing suit against the United States in federal court. 28 U.S.C. § 2675(a)[6]; see also McNeil v. United States, 508 U.S. 106, 113 (1993). The claim must be in writing and must be for a sum certain. See 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2; Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). These requirements are jurisdictional prerequisites to a suit under the FTCA and cannot be waived. Id.; see also Valenzuela v. Thrifty Rent-A-Car, No. Civ. A. 94-7752, 1995 WL 708109, at *3 (E.D. Pa. Nov. 20, 1995) ("The filing of an administrative claim is a jurisdictional requirement and an absolute prerequisite to maintaining a civil action against the government under the FTCA."); Forbes v. Reno, 893 F. Supp. 476, 481 (W.D. Pa. 1995) (Ambrose, J.), aff'd, 91 F.3d 123 (3d Cir. 1996).

Here, there is no indication in the Second Amended Complaint or otherwise that Plaintiff filed an administrative claim with the FAA with respect to his claims against the United States prior to filing this lawsuit. Moreover, the Assistant Chief

---

[6] Section 2675(a) provides:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .
28 U.S.C.A. § 2675(a).

Counsel for Litigation for the FAA has declared that the FAA has no record of any such claim filed by, or on behalf of, Plaintiff.  See Declaration of Richard A. Saltsman (Docket No. 64, Ex. A).  Because Plaintiff failed to present a proper administrative claim involving his current claims against the United States, this court lacks jurisdiction over those claims, and they must be dismissed.  See, e.g., McNeil, 508 U.S. at 113; Forbes, 893 F. Supp. at 481; Valenzuela, 1995 WL 708109, at *3.[7]

### III.  CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction over Plaintiff's claims against the United States in Counts 7, 8, 9, 10, 15 and 17 of the Second Amended Complaint, and the United States' Motion to Dismiss those claims is granted.

**********************

### ORDER OF COURT

AND NOW, this **30th** day of January, 2007, after careful consideration of the parties' submissions and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that the United States' Motion to Dismiss, With Prejudice, Counts

---

[7] I further agree with the United States that Plaintiff's time for filing a proper administrative claim has passed.  Under the FTCA, a claimant must present an administrative claim within two years of the accrual of his or her cause of action, or the claim will "forever barred."  28 U.S.C. § 2401(b); see also United States v. Kubrick, 444 U.S. 111, 113 (1979); Zeleznik v. United States, 770 F.2d 20, 22 (3d Cir. 1985); Peterson v. United States, 694 F.2d 943, 944-45 (3d Cir. 1982) (noting that the limitations period cannot be extended by equitable considerations).  Here, taking the allegations in Plaintiff's Second Amended Complaint as true, the last allegation pertaining to the Federal Defendants concerns Davies' testimony at Plaintiff's arbitration hearing on July 17, 2002.  All other facts pertaining to the Federal Defendants, including the fact that he lost his ATP certification, occurred and were well-known to Plaintiff prior to this date.  Thus, Plaintiff had, at best, until July 17, 2004 – over six months prior to the date he filed the instant lawsuit – to present a proper administrative claim to the FAA.  Any administrative claim filed at this juncture would be time-barred.  See 28 U.S.C. §§ 2401(b); 2679(d)(5).

7, 8, 9, 10, 15, & 17 of Plaintiff's Second Amended Complaint (Docket No. 63) is GRANTED and that the claims against the United States set forth in Counts 7, 8, 9, 10, 15 and 17 of Plaintiff's Second Amended Complaint are dismissed.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge