IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP A. GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  05-140 |
| | ) |
| US AIRWAYS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here.  Defendants Tom Jerman, Evelyn Becker, and Aparna Joshi, all attorneys with the law firm of O'Melveny & Myers, LLP (collectively, "O'Melveny Defendants"), filed a Motion to Dismiss the claims against them in this case on May 26, 2006.  (Docket No. 69).  On October 11, 2006, I issued an Opinion and entered an Order granting the O'Melveny Defendants' Motion.  (Docket No. 101).  Thereafter, Plaintiff, Philip Garland ("Plaintiff" or "Garland"), filed a Motion for Reconsideration of my October 11, 2006 Order and supporting Affidavit.  (Docket No. 104).  The O'Melveny Defendants oppose that Motion.  (Docket No. 107).  After careful consideration of the parties' submissions, and for the reasons set forth below, Plaintiff's Motion for Reconsideration is denied.[1]

---

[1]  I recognize that Plaintiff has filed notices of appeal with respect to two of my prior orders granting Motions to Dismiss filed by other parties.  See Docket Nos. 110, 113.  Although a notice of

1

As an initial matter, Plaintiff concedes in his Motion for Reconsideration that I properly dismissed his legal malpractice claim against the O'Melveny Defendants set forth at Count 17 of his Second Amended Complaint.  See Motion (Docket No. 104) at 10-11, ¶ 14.  Plaintiff also does not appear to contest my dismissal of Counts 1, 3, 5, and 7-16 of the Second Amended Complaint.[2]  Accordingly, my ruling dismissing these counts remains unchanged.

Plaintiff's argument in his Motion for Reconsideration is that I improperly dismissed Count 2 (violation of 42 U.S.C. § 1981) and Count 6 (violation of 42 U.S.C. § 1985(3)) of his Second Amended Complaint.  He also contends, for the first time, that I should permit him to pursue claims against the O'Melveny Defendants under two other federal statutes, 42 U.S.C. §§ 1982 and 1986.[3]  For the reasons set forth

---

appeal ordinarily divests the district court of jurisdiction, a premature notice of appeal does not have the same effect.  Rather, the "district court 'should continue to exercise [its] jurisdiction when faced with clearly premature notices of appeal.'"  Martinez v. Quality Value Convenience, Inc., 63 F. Supp. 2d 651, 653, n.1 (E.D. Pa. 1999) (quoting Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989)), aff'd, 216 F.3d 1076 (3d Cir. 2000).  Here, Plaintiff filed his notices of appeal without my having issued a final order in the case and, thus, the notices are "clearly premature."  Fed. R. Civ. P. 54(b).  Accordingly, I maintain jurisdiction over this action.  See Martinez, 653 F. Supp. 2d at n.1.

[2] The specific claims are as follows: violation of Title VII (Count 1); Wrongful Termination (Count 3); Age Discrimination (Count 5); Intentional Infliction of Emotional Distress (Count 7); Negligent Infliction of Emotional Distress (Count 8); Trade Libel/Slander (Count 9); Negligent Supervision (Count 10); violation of the Railway Labor Act (Count 11); violation of ERISA (Count 12); violation of RICO (Count 13); Unjust Enrichment (Count 14); Tortious Interference with Prospective Economic Advantage (Count 15); and Breach of Contract (Count 16).  To the extent Plaintiff did intend to challenge my previous ruling dismissing these counts against the O'Melveny Defendants, he has not raised any new issues of fact or law that would warrant a different result.

[3] As purported factual support for his Motion, Plaintiff points to two September 2002 letters purportedly from Arbitrator Edward Krinsky to the O'Melveny Defendants (counsel of record for Defendant US Airways), in which Krinsky sought assurances that he would be paid his fee for serving as an arbitrator in Plaintiff's case.  See Second Am. Compl. ¶ 63.  Plaintiff contends that these letters show that Krinsky had an impermissible money motive and otherwise conspired with the O'Melveny Defendants to find in favor of US Airways in Plaintiff's arbitration proceeding. Mot. at 5 and Aff. ¶¶ 9-10 (Docket No. 104).

below, Plaintiff's arguments are without merit.

At the outset, I note that Plaintiff erroneously assumes his Motion falls under Federal Rule of Civil Procedure 60(b).   Rule 60(b), however, applies only to final judgments.  Here, my adjudication of the O'Melveny Defendants' Motion to Dismiss was not an adjudication as to all parties and claims, and it was not certified as a final judgment pursuant to Rule 54(b).   Therefore, my Order granting the O'Melveny Defendants' Motion to Dismiss is "subject to revision at any time" before the entry of final judgment, and I am not limited by the grounds for relief set forth in Rule 60(b).  See Fed. R. Civ. P. 54(b), 60(b).[4]  This does not mean, however, that Plaintiff is "free to relitigate issues which the court has resolved . . . where neither new evidence nor new legal theories are advanced.  There is an interest in finality even where interlocutory orders are involved." Johnson v. Twp. of Bensalem, 609 F. Supp. 1340, 1342 n.1 (E.D. Pa. 1985).

Here, after careful consideration, I find no reason to reconsider my Order dismissing Plaintiff's section 1981 and section 1985(3) claims against the O'Melveny Defendants.  As set forth in my Order granting the O'Melveny Defendants' Motion to Dismiss, Plaintiff does not even mention the O'Melveny Defendants in these

---

[4]  In particular, Plaintiff cites to Rule 60(b)(3), which permits relief from a final judgment procured by fraud, misrepresentation, or other misconduct of an adverse party.  Even if I were to consider this criterion, Plaintiff's fraud concerns in his Motion go to the procurement of the arbitration award denying his grievance, not the procurement of my October 11, 2006 Order granting the O'Melveny Defendants' Motion to Dismiss.  Because my October 11, 2006 Order was not final, and there is no indication that it was obtained by fraud, misrepresentation, or other misconduct of the O'Melveny Defendants, Rule 60(b)(3) is inapplicable.  See Optimal Health Care Servs., Inc. v. Travelers Ins. Co., 801 F. Supp. 1558, 1561 (E.D. Tex. 1992) ("Rule 60(b)(3) is aimed at misconduct which occurs between the time the plaintiff files a lawsuit and the time the court enters judgment," and not at alleged fraud underlying the plaintiff's substantive claim).

counts, let alone state how or why Plaintiff is entitled to relief against them.  See Docket No. 101.  Simply including the O'Melveny Defendants in the captions of each count or making generic and conclusory statements that these defendants acted unlawfully is insufficient to state a claim against them.  See id. (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 & n.8 (3d Cir. 1997)).

Even considering Plaintiff's allegations elsewhere in the Second Amended Complaint and supporting Affidavit, including those concerning the letters to the O'Melveny Defendants from arbitrator Krinsky demanding payment for his services, I find that none of those allegations are sufficient to state a claim against the O'Melveny Defendants under sections 1981 or 1985(3).  Among other things, Plaintiff has not alleged any facts showing that the O'Melveny Defendants intentionally discriminated or retaliated against him within the meaning 42 U.S.C. § 1981.[5] Similarly, Plaintiff fails to allege facts sufficient to show the existence of a conspiracy within the meaning of section 1985(3).  His section 1985(3) claim also fails to implicate a constitutional right that has been violated.  See Brown v. Philip Morris Inc., 250 F.3d 789, 805-06 (3d Cir. 2001).[6]  Simply because the O'Melveny Defendants represented an

---

[5]  Indeed, Plaintiff does not allege that the O'Melveny Defendants were involved in any of the alleged racially discriminatory or retaliatory acts that took place during his US Airways' employment.  Rather, the O'Melveny Defendants became involved when they were retained to represent US Airways during the arbitration proceedings concerning Plaintiff's grievance and thereafter.  None of Plaintiff's allegations concerning the O'Melveny Defendants' conduct during such proceedings, even if true, state a claim for racial discrimination or retaliation prohibited by 42 U.S.C. § 1981.

[6]  Section 1985(3) claims traditionally have been limited to questions of interstate travel and involuntary servitude.  See Brown, 250 F.3d at 805-06.  To the extent Plaintiff suggests that section 1981 or 1982 claims may form the basis of a section 1985(3) action, the Court of Appeals for the Third Circuit has not recognized such a right and, indeed, has strongly suggested that it would not do so.  See id.  In any event, Plaintiff has failed to state a section 1981 or 1982 claim.  See id.

4

employer accused of racial discrimination and retaliation does not make them liable to Plaintiff for conspiracy or other civil rights violations. See, e.g., McArthur v. Bell, 788 F. Supp. 706, 711 (E.D.N.Y. 1992).

Plaintiff's attempt to salvage his case against the O'Melveny Defendants by citing to 42 U.S.C. §§ 1982 and 1986 likewise fails. As an initial matter, Plaintiff's Second Amended Complaint does not contain a section 1982 or 1986 claim, and it is inappropriate to raise such a claim for the first time in a motion for reconsideration. Plaintiff's Motion for Reconsideration on this issue fails for this reason alone. In addition, Plaintiff has not alleged any facts that would support a section 1982 or 1986 claim against the O'Melveny Defendants. Among other things, employment claims such as Plaintiff's do not fall with the ambit of section 1982[7] because they do not implicate a protected property interest within the meaning of the statute. See, e.g., Ocasio v. Lehigh Valley Family Health Ctr., No. 99-CV-4091, 2000 WL 1660153, at *2 (E.D. Pa. Nov. 6, 2000) (citing cases).[8] Similarly, a plaintiff can maintain a section 1986 claim only if he first establishes a claim under 42 U.S.C. § 1985. As set forth above, Plaintiff has failed to state a claim against the O'Melveny Defendants under 42 U.S.C. § 1985(3). Thus, any proposed section 1986 claim would likewise fail. See, e.g., Clark

---

[7] Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

[8] Plaintiff's assertion that he has a "constitutional right to engage in gainful employment in his chosen profession" is also erroneous. See Bd. of Regents v. Roth, 408 U.S. 564, 576 (1972)

 v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994); Ocasio, 2000 WL 1660153, at **8-9.[9]

Finally, Plaintiff's request that I amend my October 11, 2006 Order dismissing his claims against the O'Melveny Defendants to reflect a dismissal without prejudice is denied.  Presumably, Plaintiff seeks a dismissal without prejudice so that he can amend his complaint yet a third time.  Any such request, however, must be denied because, for the reasons set forth above and in my October 11, 2006 Order, no amendment could render Plaintiff's claims against the O'Melveny Defendants meritorious.  Even if Plaintiff could correct the deficiencies in his pleading, concerns of undue delay and prejudice prevent me from allowing further amendment at this juncture.   Plaintiff already has amended the instant complaint two times, no discovery has been taken, and the case is almost two years old (due primarily to Plaintiff's initial inaction and service deficiencies).  For these reasons as well, further leave to amend is denied.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (grounds that can justify denial of leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility); Oran v. Stafford, 34 F. Supp. 2d 906, 913-14 (D.N.J. 1999), aff'd, 226 F.3d 275 (3d Cir. 2000).

For all of the above reasons, Plaintiff's Motion for Reconsideration is denied.

************************************

---

[9] Under the facts as alleged by Plaintiff, his proposed section 1986 claim would also be untimely because it has been more than one year since any plausible cause of action accrued. See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); see also Bieros v. Nicola, 839 F. Supp. 332, 337 (E.D. Pa. 1993).

## ORDER OF COURT

AND NOW, this **2ⁿᵈ** day of February, 2007, after careful consideration of the

parties' submissions and for the reasons set forth in the Opinion accompanying this

Order, it is ORDERED that Plaintiff's Motion for Reconsideration to Dismiss Defendant

Tom Jerman, Evelyn Becker, and Aparna B. Joshi pursuant to Federal Rule of Civil

Procedure 60(b)(2)(3) (Docket No. 104) is denied.


BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge