IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP A. GARLAND,               )
                                       )
           Plaintiff,        )
                                       )
  -vs-                      )
                         Civil Action No.  05-140
                                       )
US AIRWAYS, INC.,            )
                                       )
           Defendant.     )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

On or about November 28, 2005, pro se in forma pauperis Plaintiff Philip A. Garland ("Plaintiff" or "Garland") filed, with leave of court, a 17-count Second Amended Complaint in the above-captioned action against 24 Defendants including Defendants Sarah Bean [sic] ("Boehm")[1] and the US Airways Pilot's System Board of Adjustment ("System Board").  See Docket No. 13.  Although, in response, 22 of the 24 Defendants filed Motions to Dismiss (all of which have been granted), neither Boehm nor the System Board filed an Answer or a Motion to Dismiss.  After careful review of Plaintiff's Second Amended Complaint, however, Defendants Boehm and the System Board are sua sponte dismissed from this case pursuant to my November 28, 2005 Order of Court regarding service of process (Docket No. 12) and/or my

---

[1] Plaintiff misspelled Sarah Boehm's last name as "Bean" in the second amended complaint.

authority under the in forma pauperis statute, 28 U.S.C. § 1915(e).[2]

I. BACKGROUND

A. Factual Background

Unless otherwise noted, the facts in this section are taken from Plaintiff's Second Amended Complaint.

Plaintiff was an employee of US Airways from 1982 until the termination of that employment on or about April 27, 2001.  At all pertinent times, Plaintiff was a dues-paying member of Defendant Airline Pilots Association International ("ALPA"), the  collective bargaining representative for airline pilots, including Plaintiff.  ALPA filed a grievance on behalf of Plaintiff under the collective bargaining agreement ("CBA"), challenging the termination of Plaintiff's employment.  Defendant Edward B. Krinsky "is or was the ostensible neutral Arbitrator assigned to hear and decide the  grievance  filed  by  [ALPA],  as  and  for,  Plaintiff  Garland  to  exhaust  his administrative remedies pursuant to the [CBA]."  2d Am. Compl. ¶ 28.

In July 2002, the System Board, a five-member federal labor arbitration board of which Krinsky was a part, held an evidentiary hearing on Plaintiff's grievance.  On February 7, 2003, the System Board issued a final opinion and award finding that US

_____

[2] I recognize that Plaintiff has filed notices of appeal with respect to five of my prior orders regarding Motions to Dismiss filed by other parties.  Docket Nos. 110, 113, 118, 122, 125. Although a notice of appeal ordinarily divests the district court of jurisdiction, a premature notice of appeal does not have the same effect.  Rather, the "district court 'should continue to exercise [its] jurisdiction when faced with clearly premature notices of appeal.'"  Martinez v. Quality Value Convenience, Inc., 63 F. Supp. 2d 651, 653 n.1 (E.D. Pa. 1999) (quoting Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989)), aff'd, 216 F.3d 1076 (3d Cir. 2000).  Here, Plaintiff filed his notices of appeal without my having issued a final order in the case and, thus, the notices are "clearly premature."  Fed. R. Civ. P. 54(b).  Accordingly, I maintain jurisdiction over this action.  See Martinez, 63 F. Supp. 2d at 653 n.1.

Airways was justified, pursuant to the CBA, in its decision to terminate Plaintiff's employment.

In the Second Amended Complaint, Plaintiff alleges that the grievance process was "tainted and spoiled," that the evidentiary hearing was "suspect and substandard," and that there is evidence of "conspiracy, corruption and collusion" among Arbitrator Krinsky, US Airways and others with respect to the grievance and the arbitration proceeding.[3]   Plaintiff contends that an "impermissible money motive" on the part of Krinsky was the root of the "fraud, corruption, and collusions" about which he complains.  2d Am. Compl. at p.16 & ¶ 64.  As "proof of the suspect intentional acts" committed against him, Plaintiff points to two September 2002 letters from Krinsky to counsel of record for US Airways and/or ALPA, in which Krinsky sought assurances that he would be paid his fee for serving as an arbitrator in Plaintiff's case.  Id. ¶ 63.  In the Affidavit attached to his second amended complaint, Plaintiff alleges that Krinsky, in these letters, was demanding payment for services after US Airways had filed for bankruptcy and that the arbitration award was improperly influenced by such "stress payment" outside the Bankruptcy Court. Pl.'s Aff. ¶ 112.  Plaintiff further avers that the award was "on sale" and that the letters "are full of suspect baiting, prompting and other such precatory language giving cause to suspect the arbitrator's intention to be paid in cash by and for

---

[3]  Among other things, Plaintiff contends that the sole issue before the System Board was one of contract interpretation and that the Board exceeded its jurisdiction by also addressing Plaintiff's discrimination and retaliation allegations in the arbitration proceedings and award.  He also contends that the time for the arbitration hearing was reduced from four to one-and-a-half days of testimony without Plaintiff's consent, deliberately and purposefully preventing him from calling witnesses on his behalf.

'tribute.'" Id.  Aside from his allegations regarding Krinsky, Plaintiff does not make specific averments concerning the remaining members of the System Board.

Plaintiff added Sarah Boehm as a defendant in his second amended complaint.  In that pleading, Plaintiff alleges that Boehm, an attorney representing US Airways during its bankruptcy proceedings, "willfully and deliberately misinformed Plaintiff that a Bankruptcy Court hearing scheduled for October 20, 2005 had been continued until December 15, 2005." 2d Am. Compl. ¶¶ 83-89.  Plaintiff alleges that Boehm gave him this "knowingly false and/or misleading information" in an attempt to make him unavailable for the hearing, as part of a conspiracy with the other defendants to discriminate and retaliate against him.  Id.

B.  Procedural History

Plaintiff commenced this action on February 7, 2005 by filing an Application to Proceed in Forma Pauperis and attaching thereto a copy of his Complaint. (Docket No. 1).  I granted Plaintiff's Application to Proceed in Forma Pauperis on February 10, 2005, and his complaint was deemed filed on that date.  (Docket No. 2). Plaintiff never requested issuance of a summons and none was issued.  On June 29, 2005, I granted Plaintiff's Motion to Amend his Complaint.  (Docket No. 7).  Plaintiff's First Amended Complaint named four new Defendants.   Again, there was no indication in the record that Plaintiff requested the issuance of a summons and none was issued.  Plaintiff did not file a waiver of service of summons or adequate proof of service with respect to either his original or first amended complaint.

After over 120 days passed from when Plaintiff filed both his original and first

4

Amended Complaints, my deputy clerk wrote to Plaintiff requesting that he file, by November 14, 2005, either proof of service or a written explanation of why service had not been made.  In response, Plaintiff filed a Motion to Amend his Complaint a second time to add a new Defendant and new allegations of retaliatory conduct. (Docket No. 11).  I granted Plaintiff's Motion to Amend on or about November 28, 2005, and his 17-count Second Amended Complaint was deemed filed as of that date.  (Docket Nos. 12, 13).  Twenty-two of the named Defendants filed a total of seven Motions to Dismiss among them, each of which was granted.  Defendants Boehm and the System Board are the only remaining defendants in the case.

## II.  LEGAL ANALYSIS

A.  Standard of Review

Under 28 U.S.C. § 1915(e)(2), a district court must dismiss a claim filed in forma pauperis if the court determines, inter alia, that the action is "frivolous or malicious" or that it "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  The court may sua sponte dismiss an in forma pauperis complaint under this provision "at any time" during the case.  Id. § 1915(e)(2). Moreover, this subsection applies to both prisoner and non-prisoner in forma pauperis complaints. See Powell v. Hoover, 956 F. Supp. 564, 566-68 (M.D. Pa. 1997); Dawson v. Parkland Health & Hosp. Sys., No. 3-06-CV-1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006); Brooks v. Campbell, No. 3:06-CV-00-200, 2006 WL 1793262 (E.D. Tenn. Jun. 27, 2006); In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

The language in section 1915(e)(2)(B)(ii), "fails to state a claim upon which relief

may be granted," is substantially similar to that used in Federal Rule of Civil Procedure 12(b)(6).  See Powell, 956 F. Supp. at 568.  In deciding whether to dismiss a complaint under Rule 12(b)(6) (and hence under the IFP statute), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45 (1957).  In deciding whether a pleading fails to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer."  Colburn, 838 F.2d at 666.  "The issue is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997).

When determining whether a complaint fails to state a claim, district courts generally may consider, in addition to the allegations contained in the complaint, only exhibits attached to the complaint, matters of public record, documents relied upon in the complaint, or items appearing in the record of the case.  See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993).

As a <u>pro</u> <u>se</u> litigant, Plaintiff is entitled to a "less stringent" interpretation of his pleadings than those applied to "formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Molina v. City of Lancaster</u>, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001).  This leniency, however, "does not excuse a <u>pro</u> <u>se</u> plaintiff . . . from pleading the essential elements of his claim." <u>Morris v. First Union Nat'l Bank</u>, No. Civ. A. 01-1953, 2002 WL 47961, at *2 (E.D. Pa. Jan. 14, 2002).

B. <u>Claims Against Defendant System Board</u>

After reviewing Plaintiff's second amended complaint and affidavit, I find that Plaintiff's claims against the System Board must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because, as the arbitration panel in Plaintiff's grievance hearing, the System Board is entitled to absolute arbitral immunity as a matter of law.

It is well-established that a "judge cannot be sued civilly for any act which he does in the performance of his duties, even if the act was deliberate and malicious." <u>Cahn v. Int'l Ladies' Garment Union</u>, 203 F. Supp. 191, 193 (E.D. Pa.), <u>aff'd</u>, 311 F.2d 113 (3d Cir. 1962).  The Court of Appeals for the Third Circuit has extended this absolute immunity to "quasijudicial" officials, including arbitrators.  <u>Cahn v. Int'l Ladies' Garment Union</u>, 311 F.2d 113, 114-15 (3d Cir. 1962).  Judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  <u>Raitport v. Provident Nat'l Bank</u>, 451 F. Supp. 522, 526 (E.D. Pa. 1978) (citations and internal quotations omitted).  Like other judicial officers, "'arbitrators must be free from the

7

fear of reprisals by an unsuccessful litigant.  They must of necessity be uninfluenced by any fear of consequences for their acts.'" Hill v. Aro Corp., 263 F. Supp. 324, 326 (N.D. Ohio 1967) (quoting Babylon Milk & Cream Co. v. Horvitz, 151 N.Y.S.2d 221, 224 (N.Y. Sup. Ct. 1956), aff'd, 165 N.Y.S.2d 717 (N.Y. App. Div. 1957)).

Judicial immunity is overcome in only two sets of circumstances.  First, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Even if these exceptions extend to arbitral immunity, however, neither of them applies here.

First, the factual allegations of Plaintiff's second amended complaint, taken as true, plainly relate to actions taken in Krinsky's role as an arbitrator and member of the System Board.  Even if, as Plaintiff alleges, there was corruption and collusion in the arbitration proceedings and/or that Krinsky (or one of the other arbitrators) had an impermissible money motive or otherwise conspired with counsel of record for Defendants US Airways and ALPA to find in favor of US Airways, such actions do not fall outside the System Board's arbitral capacity.  See, e.g., Hill, 263 F. Supp. at 325-26; Cahn, 203 F. Supp. at 194; Hawkins v. NASD, 149 F.3d 330 (5th Cir. 1998) (per curiam) (arbitral immunity where plaintiff alleged NASD was biased against him, failed to properly administer the arbitration proceeding, and conspired with his former employer to harm him and deprive him of a fair arbitration); Stasz v. Schwab, 17 Cal. Rptr. 3d 116, 126 (Cal. Ct. App. 2004) (citing numerous federal cases and noting

that "[e]ven corrupt or biased acts are subject to immunity").  The appropriate remedy for arbitrator bias or misconduct is an action challenging the arbitration award itself, not a lawsuit against the arbitrator or arbitration board.  <u>Stasz</u>, 17 Cal. Rptr. 3d at 131 (citing federal caselaw).

Second, there is no indication that the System Board acted in the clear absence of all jurisdiction.  <u>See</u> Docket No. 95. Furthermore, there is caselaw indicating that, where an arbitrator is concerned, immunity attaches even where a litigant calls the arbitrator's jurisdiction into question.  <u>See</u> <u>Tamari v. Conrad</u>, 552 F.2d 778, 780 (7th Cir. 1977) ("[A]rbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged."); <u>Raitport</u>, 451 F. Supp. at 527 (citing <u>Tamari</u>); <u>Int'l Med. Group, Inc. v. Am. Arbitration Ass'n, Inc.</u>, 312 F.3d 833, 843 (7th Cir. 2002) (same); <u>Stasz</u>, 17 Cal. Rptr. 3d at 133-34 (citing cases).  As one federal court of appeals explained, "arbitrators will be dissuaded from serving if they can be caught up in the dispute and be saddled with the burdens of defending a lawsuit."  <u>Int'l Med. Group, Inc.</u>, 312 F.3d at 843.

For all of these reasons (as well as the reasons set forth in my September 21, 2006 Order granting Arbitrator Krinsky's Motion to Dismiss, Docket No. 95), the System Board is entitled to absolute arbitral immunity and Plaintiff's claims against it should be dismissed.

C. <u>Claims Against Defendant Boehm</u>

Plaintiff's claims against Sarah Boehm must be dismissed for failure to serve. As set forth above, Plaintiff did not properly serve either his original or first

Amended Complaint.  In my November 28, 2005 Order allowing Plaintiff to amend his Complaint a second time, I set forth stringent requirements with respect to service.  Specifically, I gave Plaintiff 120 days from the date of the order to serve his Second Amended Complaint on each Defendant named therein in the manner prescribed in Federal Rule of Civil Procedure 4.  I explained to Plaintiff the availability of service by the U.S. Marshal pursuant to Rule 4(c)(2) and informed him that if he chose to have the U.S. Marshal effect service, that he must complete a summons and a Marshal's Form 285 providing the names and addresses of each Defendant and return the completed forms to the Clerk's office within 30 days.  See Docket No. 12. If Plaintiff timely completed and returned the appropriate paperwork, then the Clerk of Court was directed to issue summons and instruct the Marshal to serve the second amended complaint.  Id.  I warned Plaintiff, however, that "[i]f service of the Second Amended Complaint [was] not effected within 120 days of filing through any fault or inaction of Plaintiff," his action would be dismissed.  Id. (emphasis added).

Here, Boehm was not served with the Second Amended Complaint within 120 days of its filing.  Indeed, Boehm has not been served with the Second Amended Complaint at all.  Rather, service on Boehm was returned unexecuted.  See Docket No. 96.  In a letter dated April 24, 2006, attached to the return of service, the Deputy U.S. Marshal who attempted service indicated that he could not find an office related to US Airways at the address Plaintiff provided on the Form 285, only a travel company, "Convenient Travel."  The manager of the travel company did not know Defendant Boehm, but informed the Marshal that US Airways used to have an office

on a different street approximately one block south of the address listed on the process form.  The Marshal proceeded to that address but was told by security that US Airways had moved from the building in summer 2005 (prior to the date Plaintiff filed his Second Amended Complaint, and prior to the date of the allegations against Defendant Boehm contained therein).  Building security did not know where the office had relocated.  The Marshal then proceeded to call the Richmond area phone number for US Airways, but the agent with whom he spoke was unable to locate Boehm in the company directory.  See id.

It is clear from Docket No. 96 both that Boehm was not served and that the U.S. Marshal was unable to effect service because Plaintiff failed to supply the appropriate address information.  Indeed, as the attachment to Docket No. 96 shows, the Deputy Marshal went out of his way to attempt to locate Boehm after discovering that the address Plaintiff provided was incorrect, but he was unable to do so.  Because Plaintiff failed to supply the U.S. Marshal with proper address information for Sarah Boehm or her authorized agent, he was not in compliance with my November 28, 2005 Order or the Federal Rules.  Thus, Plaintiff's Second Amended Complaint against Defendant Boehm must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the terms of my November 28, 2005 Order.[4]

---

[4] Even if Defendant Boehm had been served – which she was not – the second amended complaint fails to state a claim against her upon which relief may be granted.  The only two counts that contain any factual allegations concerning Ms. Boehm are Count 6 (Section 1985(3) conspiracy claim) and Count 16 (breach of contract).  Even if true, however, these facts do not amount to a cognizable claim against her.  Among other things, Plaintiff does not allege that Boehm was a party to any alleged contract or that such contract obligated Boehm in any way to comply with it.  Thus, his breach of contract claim against her is without merit. Plaintiff's section 1985(3) claim likewise fails because his generic and conclusory statements that Boehm conspired against him are insufficient to show the existence of a conspiracy within the meaning of section 1985(3).  See, e.g.,

D. Leave To Amend

I further find that additional amendment of Plaintiff's complaint would not cure the deficiencies outlined above.   Because no amendment could render Plaintiff's claims against the System Board or Defendant Boehm meritorious, the second amended complaint is dismissed against them without leave to amend a third time.   See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile."); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (grounds that can justify denial of leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility).

Even if Plaintiff could correct the deficiencies in his pleading, concerns of undue delay and prejudice prevent me from allowing further amendment at this juncture.   See id.  Plaintiff already has amended the instant complaint two times, no discovery has been taken, and the case is almost two years old (due primarily to Plaintiff's initial inaction and service deficiencies).   For these reasons as well, further leave to amend is denied.   See Oran v. Stafford, 34 F. Supp. 2d 906, 913-14 (D.N.J. 1999), aff'd, 226 F.3d 275 (3d Cir. 2000).

---

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 & n.8 (3d Cir. 1997); Jones v. City of Scranton, No. 3:06-CV-0738, 2006 WL 3242110 (M.D. Pa. Nov. 7, 2006); Pellegrino Food Prods. Co. v. City of Warren, 136 F. Supp. 2d 391, 409-10 (W.D. Pa. 2000).  In any event, Plaintiff's own allegations show that the Bankruptcy Court hearing that he claimed Boehm deliberately misinformed him was postponed was indeed continued until the stated date. 2d Am. Compl. ¶ 86; see also In re US Airways, Inc., No. 04-13819-SSM, 2006 WL 1331338 (Bkrtcy. E.D. Va. Mar. 6), aff'd, 2006 WL 2992495 (E.D. Va. Oct. 13, 2006). Thus, Boehm's alleged representations did not deprive Plaintiff of his right to be heard on this issue or otherwise cause him any damages.  Id.  For these reasons as well, Plaintiff's claims against Defendant Boehm must be dismissed.

III. <u>CONCLUSION</u>

For all of these reasons, Plaintiff's Second Amended Complaint against Defendants Boehm and the System Board are dismissed under 28 U.S.C. § 1915(e) for failure to state a claim against those defendants upon which relief can be granted. Plaintiff's claims against Defendant Boehm also are dismissed under my November 28, 2005 Order (Docket No. 12) regarding service of process.

* * * * * * * * * * * * * * * * * * * * * * * * * *

<u>ORDER OF COURT</u>

AND NOW, this **21ˢᵗ** day of March 2007, after careful consideration of the parties' submissions and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that all claims against Defendants Sarah Bean *[sic]* and the US Airways Pilot's System Board of Adjustment set forth in Plaintiff's Second Amended Complaint are hereby dismissed <u>sua</u> <u>sponte</u> under 28 U.S.C. § 1915(e) and/or my November 28, 2005 Order of Court (Docket No. 12), without leave to amend.  Judgment is entered in favor of Defendants and against Plaintiff.   This case is closed forthwith.

BY THE COURT:

<u>/S/   Donetta W. Ambrose</u>

Donetta W. Ambrose,
Chief U. S. District Judge

13